IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MOSES ANGELO LIBERO, #A5004933,<br><br>Petitioner,<br><br>v.<br><br>KIMBERLY TANIYAMA,<br><br>Respondent. | CIVIL NO. 25-00197 DKW-WRP<br><br>ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER, ECF NO. 3 |

Before the Court is an Application to Proceed In Forma Pauperis by a Prisoner filed by pro se Petitioner Moses Angelo Libero. ECF No. 3. Libero is currently incarcerated at the Halawa Correctional Facility. *See* ECF No. 1 at PageID.1; *see also* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A5004933"; and select "Search") (last visited May 20, 2025). The IFP Application is DENIED because Libero has not shown that he is unable to pay the $5.00 fee associated with this action.

"The right to proceed in forma pauperis is not an unqualified one[.]" *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (citation omitted). As the Ninth Circuit has stated, "[i]t is a privilege, rather than a right." *Id.* (citation omitted). "[T]he privilege of proceeding in forma pauperis is a matter within the

discretion of the trial court." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963); *Gibbs v. Shasta County*, No. 2:18-cv-2261 JAM AC P, 2020 WL 3977596, at *2 (E.D. Cal. July 14, 2020).

Although "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute," *Jefferson*, 277 F.2d at 725, "[i]t is well established that, to obtain this privilege, a litigant must demonstrate to the court's satisfaction the inability to prepay," *Williams v. Marshall*, 795 F. Supp. 978, 979 (N.D. Cal. 1992). Relevant considerations include, among other things, an inmate's income, account balance, and account activity, and any hardship that would result from paying the fee. *Id.*; *Martin v. Csaa Ins. Exch.*, No. 17-cv-04066-MEJ, 2017 WL 11493382, at *1 (N.D. Cal. Aug. 23, 2017) ("Although pauper status does not require absolute destitution, the question is whether the court costs can be paid without undue hardship." (quotation marks and citation omitted)).

Here, a prison official certified that Libero currently has $658.03 on account. ECF No. 3 at PageID.21.  Libero does not allege that anyone is dependent on him for support. *Id.* at PageID.20.  Additionally, the Court notes that Libero's personal expenses beyond this action are paid by the government. *See Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015) (noting that "prisoners have limited overhead"); *Hodges v. Cir. Ct. of Second Cir.*, 2019 WL 6311986, at *2 (D. Haw. Nov. 25, 2019) ("As a prisoner whose basic needs are subsidized by the

State, [the plaintiff] does not qualify as a pauper and his IFP Application is DENIED.").

Given the foregoing, Libero has failed to show that he is unable to pay the $5.00 fee associated with this action.  If Libero wants this action to proceed, he must pay the $5.00 filing fee on or before June 4, 2025.  Failure to comply may result in automatic dismissal of this action without further notice.  In the alternative, Libero can notify the Court in writing on or before the same date that he wants to voluntarily dismiss this action.  *See* Fed. R. Civ. P. 41(a)(1)(A).

IT IS SO ORDERED.

DATED: May 21, 2025 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson
Derrick K. Watson
Chief United States District Judge

---

*Moses Angelo Libero v. Kimberly Taniyama*; Civil No. 25-00197 DKW-WRP; **ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER, ECF NO. 3**

3